IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANTONIO WHITLOW                                                         PETITIONER

v.                          NO. 5:17-cv-00331 KGB/PSH

WENDY KELLEY, Director of the                                           RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

STATE AND FEDERAL COURT PROCEEDINGS. On April 1, 2015, petitioner Antonio Whitlow ("Whitlow") was convicted in Pulaski County Circuit Court of murdering both his parents and kidnapping his sister. Whitlow was sentenced to an aggregate term of 135 years in the custody of respondent Wendy Kelley ("Kelley"). Whitlow appealed his convictions. The Arkansas Court of Appeals found no reversible error and affirmed his convictions in a decision issued on November 2, 2016. See Whitlow v. State, 2016 Ark.App. 510, 506 S.W.3d 272 (2016). Whitlow did not thereafter file a petition for review with the Arkansas Supreme Court, and he did not seek post-conviction relief in an Arkansas state court or otherwise mount a collateral attack upon his convictions.

On December 2, 2017, Whitlow signed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in which he challenged his 2015 convictions. The Clerk of the Court filed the petition on December 11, 2017. Eighteen days later, Whitlow filed an amended petition for writ of habeas corpus. In the amended petition, he again challenged his 2015 convictions and offered what appeared to be three reasons why his convictions should be set aside. He first maintained that no scientific evidence was offered at trial to prove his guilt, and the evidence offered at trial was manufactured or otherwise altered. He next maintained that his trial attorney provided constitutionally inadequate representation. It was Whitlow's contention that his trial attorney failed to fully develop, and present evidence of, Whitlow's mental impairment and evidence of the murder victims' prior bad acts. Whitlow last maintained that he is actually innocent of kidnapping because the kidnap victim never testified she was kidnapped.

Kelley filed a response to Whitlow's amended petition. In the response, Kelley maintained that Whitlow was not entitled to relief. Kelley so maintained because Whitlow's petition is barred by limitations and, alternatively, because the claims contained in it are procedurally barred from federal court review.

Before giving serious consideration to Kelley's response, the Court accorded Whitlow an opportunity to file a reply. Whitlow took advantage of the opportunity and filed a reply. Having reviewed it, the undersigned turns to consider Kelley's assertions.

LIMITATIONS. A state prisoner has one year during which he can file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that year, it is barred. 28 U.S.C. 2244(d) identifies the events or dates that trigger the commencement of the one year limitations period. The event or date that triggered the commencement of the one year limitations period in this instance was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. 2244(d)(1)(A).[1]

---

[1] The other triggering events or dates codified in 28 U.S.C. 2244(d) have no application in this instance. First, 28 U.S.C. 2244(d)(1)(B) provides that the one year period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." There is no evidence that the State of Arkansas created an impediment to Whitlow's filing of a timely petition pursuant to 28 U.S.C. 2254.

Second, 28 U.S.C. 2244(d)(1)(C) provides that the one year period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The constitutional rights asserted by Whitlow in his petitions were recognized by the United States Supreme Court well before the date of his convictions.

Third, 28 U.S.C. 2244(d)(1)(D) provides that the one year period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, Whitlow knew or should have known of the factual predicate of his claims by no later than the date of his convictions. It is one of Whitlow's claims that the victim of the kidnapping will verify she was not kidnapped. At first blush, the claim appeared to involve recanted testimony. Upon closer examination, the claim does not involve recanted testimony. The victim did not testify at trial, and the evidence supporting Whitlow's kidnapping conviction is grounded primarily in a statement he made to the police in which he admitted committing the offense. See Docket Entry 16, Exhibit 1 (Part 2) at CM/ECF 222-264; Docket Entry 16, Exhibit 1 (Part 3) at CM/ECF 283-315.

The state Court of Appeals affirmed Whitlow's convictions in a decision issued on November 2, 2016. He had eighteen days from that date, or by the close of business on November 21, 2016, to file a timely petition for review with the state Supreme Court. See Arkansas Supreme Court Rule 2-4(a).[2] He did not file a petition for review at any point, let alone by the close of business on November 21, 2016. His convictions therefore became final on November 22, 2016. The one year period for filing a timely petition pursuant to 28 U.S.C. 2254 began on November 22, 2016, and Whitlow had through the close of business on November 21, 2017, to file a timely petition. He did not file a petition pursuant to 28 U.S.C. 2254 by that date. He did not sign his initial petition pursuant to 28 U.S.C. 2254 until December 2, 2017.[3] The petition at bar is barred by limitations unless there is some reason for excusing his untimely filing.

In order for Whitlow to gain the benefit of equitable tolling, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" See Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) [quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)]. The application of the equitable tolling doctrine is proper only when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" See Id. [quoting Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)]. The application of the doctrine is "an exceedingly narrow window of relief.'" See Id. at 428 [quoting Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)].

---

[2]   As Kelley correctly notes, eighteen days from November 2, 2016, was November 20, 2016. Because November 20, 2016, was a Sunday, Whitlow had through November 21, 2016, to file a timely petition for review.

[3]   The undersigned assumes without deciding that Whitlow is entitled to the benefit of the "mailbox rule." The undersigned will use the date on which he signed his initial petition, i.e., December 2, 2017, as the date he placed his initial petition into the prison mail system.

Whitlow signed his initial petition pursuant to 28 U.S.C. 2254 less than two weeks after the expiration of the one year limitations period. The undersigned accepts that he has been pursuing his rights diligently. The question is whether some extraordinary circumstance stood in his way and prevented him from filing a timely petition.

The undersigned has reviewed Whitlow's pleadings and can find no allegation of an extraordinary circumstance beyond his control that made it impossible for him to file a timely petition. When given an opportunity to address the limitations issue, Whitlow filed a reply that did not address the issue. Notwithstanding Whitlow's paltry reply, the undersigned believes one matter warrants some consideration: whether a mental impairment prevented him from filing a timely petition.[4]

Prior to trial, Whitlow underwent a mental health evaluation. See Docket Entry 16, Exhibit 1 (Part 1) at CM/ECF 30. It was the opinion of the examiner that Whitlow was suffering from schizophrenia. See Docket Entry 16, Exhibit 1 (Part 1) at CM/ECF 43. It was believed that Whitlow lacked the capacity to understand the proceedings against him and lacked the capacity to effectively assist his attorney. See Docket Entry 16, Exhibit 1 (Part 1) at CM/ECF 43. No opinion was offered as to his mental state at the time of the alleged offenses. See Docket Entry 16, Exhibit 1 (Part 1) at CM/ECF 43.

The criminal case was stayed, and Whitlow was sent for mental health treatment. See Docket Entry 16, Exhibit 1 (Part 1) at CM/ECF 72-73. A mental health evaluation was performed after a period of treatment, and an examiner offered the following findings and conclusions as to Whitlow's mental status:

---

[4] A mental impairment can be an extraordinary circumstance interrupting or otherwise tolling the one year limitations period if the impairment is of sufficient degree and duration. See Nichols v. Dormire, 11 Fed. App'x. 633 (8th Cir. 2001); Williams v. Hobbs, 2013 WL 628338 (E.D.Ark. 2013), (Ray, M.J.), report and recommendation approved, 2013 WL 627239 (E.D.Ark. 2013) (Holmes, J.).

SUMMARY OF OPINIONS:

1) At the time of the examination, Mr. Whitlow exhibited symptoms of mental disease but not a mental defect. His history and clinical presentation is reflected in the following DSM-5 diagnoses:

Schizophrenia, Multiple episodes, currently in full remission

2) At the time of the examination, Mr. Whitlow possessed an above average capacity to understand the proceedings against him and the capacity to effectively assist his attorney in his own behalf.

3) Based upon Mr. Whitlow's history of psychotic illness and his self-reported behavior at the time of the alleged offense, it is my opinion that he was exhibiting symptoms of the following DSM-5 mental disease:

Schizophrenia, Multiple episodes, currently in acute episode

4) Despite the likelihood that he was exhibiting symptoms of Schizophrenia [at] the time of the alleged offense, Mr. Whitlow possessed the capacity for appreciating that killing his parents was an illegal act.

5) Also, and despite the likelihood that he was exhibiting symptoms of Schizophrenia at the time, Mr. Whitlow described his mental state and behavior in such a way as to reflect the capacity to conform his behavior to the requirements of the law.

See Docket Entry 16, Exhibit 1 (Part 1) at CM/ECF 104-105. Following the evaluation, Whitlow was returned to the custody of the Pulaski County Sheriff. See Docket Entry 16, Exhibit 1 (Part 1) at CM/ECF 124.

During a series of pre-trial hearings, two matters occurred that are of some note. First, Whitlow stipulated that he was fit to proceed but continued to assert a defense of not guilty by reason of mental disease or defect. See Docket Entry 16, Exhibit 1 (Part 1) at CM/ECF 200-204. Second, Whitlow asked to represent himself if he could not retain another attorney. See Docket Entry 16, Exhibit 1 (Part 1) at CM/ECF 243-250. His request was denied despite his claim that he was competent to represent himself.

6

Whitlow made a statement to the police at the time of his arrest that was introduced at trial. See Docket Entry 16, Exhibit 1 (Part 2) at CM/ECF 222-264; Docket Entry 16, Exhibit 1 (Part 3) at CM/ECF 283-315. In the statement, he admitted stabbing both his parents and taking his sister from the family home. Whitlow testified in his own behalf. See Docket Entry 16, Exhibit 1 (Part 2) at CM/ECF 327-699; Docket Entry 16, Exhibit 1 (Part 3) at CM/ECF 700-720. He stated that he suffers from a mental disease he identified as paranoid schizophrenia. He has struggled with it for a number of years. The impairment causes him to "see things that's not there or hear things that's not there" and have "racing thoughts." See Docket Entry 16, Exhibit 1 (Part 2) at CM/ECF 328. He further testified that he has been hospitalized for the impairment and has taken medication for it, although he was not taking medication at the time of the events giving rise to his convictions. The impairment has left him homeless and on disability. The jury was not persuaded by the testimony, though, and convicted Whitlow of two counts of murder in the first degree and one count of kidnapping.

The record is silent as to Whitlow's mental status during the period he could have filed a timely petition pursuant to 28 U.S.C. 2254. Although he took a direct appeal of his convictions, the decision of the state Court of Appeals sheds little light on his impairment or its impact on his ability to file a timely petition. There is also no evidence as to Whitlow's mental status during the time he has been in Kelley's custody, specifically, how Whitlow has managed while in Kelley's custody.[5]

---

[5] In Nichols v. Dormire, supra, the courts found that the degree and duration of the petitioner's mental impairment did not constitute an extraordinary circumstance justifying the tolling of the limitations periods. The courts agreed that "during the applicable time frame, [the petitioner] lived in general population at the Jefferson City Correctional Center, was employed at the institution's chemical products factory, appeared coherent and alert at all times, did not suffer from auditory or visual hallucinations, was not suicidal or homicidal, and was capable of registering a written complaint to prison officials." See Id. at 634.

"Whether equitable tolling is appropriate is a fact intensive inquiry that depends on the totality of the circumstances present in a particular case." See Martin v. Fayram, 849 F.3d 691, 698 (8th Cir. 2017). The burden of making the requisite showing lies with the petitioner. See Mees v. Hurley, 2016 WL 3166844 (E.D.Mo. 2016) (Noce, M.J.), report and recommendation approved, 2016 WL 3141195 (E.D.Mo. 2016) (Limbaugh, J.). Here, there is no evidence that Whitlow's mental impairment actually made filing a timely petition impossible because he was "substantially incapable of rational thought or unable to determine he must take legal steps." See Schleicher v. Fabian, 2008 WL 4104702, 6 (D.Minn. 2008). The scant record reflects that he was adjudged to be fit for trial, stipulated that he was fit to proceed, represented that he was capable of representing himself, and was able to help prosecute a direct appeal of his convictions. There is no evidence that his mental state deteriorated after he entered Kelley's custody. Assuming Whitlow's mental status grew worse during the time he could have filed a timely petition, there is no evidence as to how or why his mental state subsequently improved to such a degree that he was able to sign his initial petition.

Notwithstanding Whitlow's failure to show that his mental impairment prevented him from filing a timely petition pursuant to 28 U.S.C. 2254, actual innocence may excuse the untimely filing of such a petition. See McQuiggin v. Perkins, 569 U.S. —, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). See also Clemmons v. Kelley, 2017 WL 5147151 (E.D.Ark. 2017) (Deere, J.). The assertion of actual innocence, though, must be supported by newly discovered evidence. Whitlow has offered no newly discovered evidence, and he cannot seriously maintain his innocence given his admissions in his statement to the police and his position at trial.

The undersigned finds that Whitlow signed his initial petition after the expiration of the one year limitations period. Because there is no reason for tolling that period, his petition is barred by limitations and should be dismissed.

PROCEDURAL BAR. Although Whitlow's petition is barred by limitations, it will likely serve the interests of justice by briefly considering Kelley's assertion of procedural bar. It will also likely serve those interests by briefly considering the merits of Whitlow's claims.

Generally, the federal courts will not consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules. See Wainwright v. Sykes, 433 U.S. 72 (1977); O'Rourke v. Endell, 153 F.3d 560 (8th Cir. 1998). There are, though, exceptions to the rule. A claim can be considered if the petitioner can show cause for his procedural default and actual prejudice or, alternatively, show that the failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent. See Wallace v. Lockhart, 12 F.3d 823 (8th Cir. 1994).

Whitlow never presented the claims at bar to the appellate courts of Arkansas. The only claim he ever presented to the state appellate courts involved his assertion of his right to represent himself.[6] The undersigned finds that Whitlow failed to properly present the claims at bar to the state courts in accordance with the state's procedural rules. He procedurally defaulted the claims, and the question is whether his procedural default can be excused or otherwise overlooked.

---

[6]   On direct appeal, Whitlow maintained that "the trial court incorrectly refused to allow him to represent himself pro se. Specifically, Whitlow claim[ed] that the trial court's reliance on his education level and prior legal knowledge were invalid bases for its refusal to allow him to appear pro se." See Whitlow v. State, 506 S.W.3d at 273.

The undersigned has reviewed Whitlow's pleadings and can find no allegation of cause. When given an opportunity to address the procedural bar issue, Whitlow filed a reply that did not address the issue. Notwithstanding Whitlow's meager reply, it is possible to construe his pleadings to raise as cause his impaired mental state. While it is possible to so construe his pleadings, there is no evidence his impaired mental state prevented him from presenting the claims at bar to the appellate courts of Arkansas.

It is also possible to construe Whitlow's pleadings to raise as cause his attorney's ineffectiveness. Although ineffective assistance of counsel can serve as cause for a procedural default, there is no evidence his attorney was ineffective. Whitlow maintains his attorney failed to fully develop, and present evidence of, Whitlow's mental impairment and evidence of the murder victims' prior bad acts. The record reflects that evidence of his mental impairment was presented at trial, and it is debatable whether evidence of the murder victims' prior bad acts was even admissible.

It is also possible to construe Whitlow's pleadings to contain an allegation that he is actually innocent and a fundamental miscarriage of justice will occur if the claims at bar are not considered. He must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." See Id. at 327. Here, Whitlow has failed to make the requisite showing as he has not offered "new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." See Abdi v. Hatch, 450 F.3d 334, 338 (2006).

Accordingly, the undersigned finds that Whitlow failed to give the state appellate courts an opportunity to address the claims at bar. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claims are not considered. The claims are procedurally barred from federal court review, and his petition should also be dismissed for that reason.

<u>MERITS</u>. Were the undersigned to overlook the limitations and procedural bar problems posed by this case, it is clear Whitlow's claims warrant no relief. He first maintains that no scientific evidence was offered at trial to prove his guilt, and the evidence offered at trial was manufactured or otherwise altered. There is no requirement, though, that scientific evidence be offered at trial to prove a defendant's guilt, and Whitlow has failed to show that the evidence offered at trial was manufactured or otherwise altered.

Whitlow next maintains that his trial attorney provided constitutionally inadequate representation. It is Whitlow's contention that his trial attorney failed to fully develop, and present evidence of, Whitlow's mental impairment and evidence of the murder victims' prior bad acts. As the undersigned has noted, though, the record reflects that evidence of his mental impairment was presented at trial, and it is debatable whether evidence of the murder victims' prior bad acts was even admissible.

Whitlow last maintained that he is actually innocent of kidnapping because the kidnap victim never testified she was kidnapped. It is true that the kidnap victim never testified at trial. Whitlow admitted in his statement to the police, though, that he took the kidnap victim from the family home. It was for the jury to decide whether that act rose to the level of kidnapping.

CONCLUSION. The undersigned finds that Whitlow filed the petition at bar after the expiration of the one year limitations period. Because he has offered no justification for tolling that period, his petition is time barred. The undersigned alternatively finds that the claims contained in the petition are procedurally barred from federal court review, and they lack merit. It is therefore recommended that Whitlow's petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. The undersigned is not convinced that Whitlow can make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 17th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE